POSTED ON WEB SITE

FILED
APR 2 1 2005
UNITED STATES BANKRUPTCY COURT
EASTERN DISTRICT OF CALIFORNIA

UNITED STATES BANKRUPTCY COURT
EASTERN DISTRICT OF CALIFORNIA
FRESNO DIVISION

In re ) Case No. 04-19371-B-7
)
Shepherd Brevil and ) DC No. PK-1
Stacy V. Taylor-Brevil, )
)
Debtors. )
)

**MEMORANDUM DECISION REGARDING TRUSTEE'S
OBJECTION TO AMENDED EXEMPTION**

Patrick Kavanagh, Esq., of the Law Offices of Patrick Kavanagh appeared as and for the chapter 7 trustee (the "Trustee").

Frank P. Samples, Esq., appeared for the debtors Shepherd Brevil and Stacy V. Taylor-Brevil (the "Debtors").

A hearing on the Trustee's objection to the Debtors' amended claim of exemption (the "Objection") was set before the undersigned on March 3, 2005. The court has jurisdiction pursuant to 28 U.S.C. § 1334 and 11 U.S.C. § 522. This is a core proceeding pursuant to 28 U.S.C. §§ 157(b)(2)(A) & (B). The parties have consented to resolution of this contested matter without an evidentiary hearing pursuant to Local Rule 9014-1(f)(1)(ii) & (iii). This memorandum contains the court's findings of fact and conclusions of law pursuant to Fed.R.Civ.P. 52(a) (made applicable to this contested matter by Fed.R.Bankr.P. 7052). For the reasons set forth below, the Trustee's Objection is OVERRULED.

**The Issue.**

This bankruptcy was filed with the original schedules and statement of financial affairs on November 5, 2004. The meeting of creditors was commenced, but not concluded, on December 13, 2004. Schedules B, C, and D were amended on December 21 to add and exempt a new asset, a "2000 Chevy Truck" and the associated secured claim. The continued meeting of creditors was held on December 28. Schedule D was amended again on January 4, 2005, to correct the name of the mortgage lender, and the meeting of creditors was

concluded on January 10. The Trustee timely filed this Objection on January 19.[1]

The Objection is not directed to any specific exemption claim. In that regard, the Objection suffers from vagueness and ambiguity. The Objection on its face refers generally to the Debtors' amended exemption. The only entry in the amended exemption schedule is the "addition" of a "2000 Chevy Truck" valued at $8,000 and subject to a lien in the estimated amount of $4,000 (the "Chevy Truck"). Therefore, this Objection appears to be related solely to the Debtors' effort to exempt the equity in the Chevy Truck.

The Debtors amended their exemptions once and their other schedules twice before completion of the creditor meeting. The Trustee contends that the Debtors concealed the Chevy Truck in bad faith, that they were reckless with their schedules, and that exemption of the Chevy Truck should be disallowed as a form of sanction for their failure to file complete and accurate schedules in the first place citing *Drew v. Magnuson (In re Magnuson)*, 113 B.R. 555 (Bankr. D.N.D. 1989).

**Burden of Proof.**

Because California has opted out of the federal exemptions scheme of 11 U.S.C. § 522(d), the court must look to State law to determine the source and scope of the Debtors' exemptions. "In California, exemptions are to be construed liberally in favor of the debtor." *In re Rawn*, 199 B.R. 733, 734 (Bankr.E.D.Cal. 1996).

A claimed exemption is "presumptively valid." *Carter v. Anderson (In re Carter)*, 182 F.3d 1027, 1029 (9th Cir. 1999). The burdens of production and persuasion which govern the procedure for objecting to a claim of exemption were prescribed by the Ninth

---

[1] The Debtors' discharge has not been entered. The United States Trustee has filed an adversary proceeding to deny the Debtors' discharge pursuant to 11 U.S.C. § 727(a)(2)(3)(4) and (5). The United States Trustee also seeks to dismiss this case pursuant to 11 U.S.C. § 707(b). Many of the issues raised in the United States Trustee's adversary proceeding are the same issues which the Trustee alludes to, but fails to prove, in this exemption dispute. The right to a discharge is a separate issue from the right to an exemption. Even if the United States Trustee prevails in the adversary proceeding and the discharge is denied, the bankruptcy case still goes forward, and the Debtors still have a right to protect properly exempted assets from administration by the Trustee.

Circuit in *Carter* at 1029 n.3 as follows:

> Once an exemption has been claimed, it is the objecting party's burden (the trustee in this case) to prove that the exemption is not properly claimed. *See* Fed. R. Bankr.P. 4003(c). Initially, this means that the objecting party has the burden of production and the burden of persuasion. The objecting party must produce evidence to rebut the presumptively valid exemption. *In re Lester*, 141 B.R. 157, 161 (S.D.Ohio 1991). If the objecting party can produce evidence to rebut the exemption, the burden of production then shifts to the debtor to come forward with unequivocal evidence to demonstrate that the exemption is proper. *See In re Moneer*, 188 B.R. 25, 28 (Bankr.N.D.Ill.1995); Fed.R.Evid. 301. The burden of persuasion, however, always remains with the objecting party. . . .

The Bankruptcy Appellate Panel for this Circuit has observed that exemptions are determined as of the date of bankruptcy and the claim of exemptions may be amended at any time without leave of the court, even after the bankruptcy case has been closed and reopened. *Goswami v. MTC Distributing (In re Goswami)*, 304 B.R. 386, 392-94 (9th Cir. BAP 2003).

One court in this District has recently ruled that the failure to timely file an exemption claim does not disqualify the exemption, it merely forfeits any protection the debtor would otherwise enjoy under Federal Rule of Bankruptcy Procedure 4003(b); that objections must be filed within 30 days after completion of the creditor meeting. *In re Montanaro*, 307 B.R. 194, 199 (Bankr. E.D. Cal. 2004).

Based on the relevant case law, it is clear that there is a strong presumption in favor of the Debtors' right to claim exemptions. The Trustee has the burden to produce competent evidence in support of some theory sufficient to overcome this presumption.

**Analysis.**

The Trustee relies on the holding in *Magnuson* to support his argument that the amended exemption claim should be disallowed for "recklessness." *Magnuson*, however, involved much more egregious facts than the Trustee has shown here. *Magnuson* was an adversary proceeding and it involved the revocation of a discharge. After a full trial, the *Magnuson* court found that the debtors knowingly failed to disclose assets with fraudulent intent. 113 B.R. at 560. To exacerbate the problem, the debtors made no effort to correct their schedules, they disposed of the concealed assets and they lied under examination at the trial. The statement in *Magnuson* which the Trustee relies on here related to one of the

debtors' defenses; the court noted that the debtors could not excuse the fraud by trying to exempt the concealed assets. *Id.* That comment, of course, was predicated on the court's conclusion that the assets had been concealed by fraud. The Trustee has failed to make that showing here.

The Trustee alludes to several assets and transactions, including a prepetition refinance of the house and the cash purchase of a vehicle, which were not disclosed in the original schedules. The Trustee acknowledges that all of these errors were corrected, at his request, in the amended schedules before conclusion of the creditor meeting. The Trustee has not shown in this Objection that any assets of the estate have disappeared, or that the erroneous schedules have materially interfered with his ability to administer the case in any way. Other than the amended schedules themselves, the Trustee offers no evidence regarding the Debtors' state of mind, *i.e.*, that they knowingly disposed of and failed to disclose assets as was the case in *Magnuson*.

In response to the Objection, the Debtors both state, in summary, that there was significant confusion and a lack of communication with their attorney in the preparation of schedules prior to commencement of the case. Again, the Trustee concedes that these problems were corrected in the amended schedules. The Trustee argues unpersuasively that it should be too late to amend schedules after the Trustee has "ferreted out an asset." The Trustee's position here seems to clearly contradict Fed.R.Bankr.P. 1009(a) which allows the amendment of schedules "as a matter of course at any time before the case is closed."

Finally, the Trustee points to discrepancies between the schedules filed in this case and schedules which the Debtors filed three years earlier in an unsuccessful chapter 13 case (case no. 02-60204). However, the Trustee fails to pull these questions together and make any showing why the differences in those documents, prepared over a period of three years, could support a finding of bad faith or fraud.

The Trustee does not contend that there are any problems with the exemptions themselves. The Debtors filed their original exemption schedule with the petition and listed eleven (11) categories of exemptions to which the Trustee did not object. Those original

exemptions included a vehicle, a 1991 Chevrolet Blazer, which the Debtors exempted under California Code of Civil Procedure § 704.010. The Debtors subsequently amended their exemption schedule to include all of the equity, approximately $4,000, in the Chevy Truck. The Debtors exempted the Chevy Truck as a "spouse's tool of the trade" pursuant to Cal.C.Civ.P. § 704.060(a)(2). The Trustee did not object to the "stacking" of vehicle exemptions which is restricted by Cal.C.Civ.P. § 704.060(c). *See In re Rawn, supra*, 199 B.R. 733. The Trustee seeks only to disallow the amended exemption for bad faith. Presumably, the Trustee has investigated all of the exemptions, including the "stacked" exemption of both the Blazer as a "vehicle" and the Chevy Truck as a "tool of the trade," and concluded that they were otherwise appropriate.[2]

**Conclusion.**

Based on the foregoing, the court is not persuaded on the facts as presented by the Trustee that the Debtors failed to disclose the Chevy Truck in their original schedules with "reckless indifference" which rises to the level of fraud. Nor is the court persuaded that it is appropriate to deny the amended exemption as a sanction against the Debtors for filing inaccurate schedules. In this Circuit, all objections to exemption must be liberally construed in favor of the Debtors. The erroneous schedules were amended before conclusion of the creditor meeting. Absent a clear showing of egregious circumstances rising to the level of

///
///
///
///
///
///
///

---

[2]It is now too late for the Trustee to recover the equity in the Chevy Truck by objecting to the exemption based on section 704.060(c). *Taylor v. Freeland & Kronz*, 503 U.S. 638, 39-40, 112 S.Ct 1644, 1648, 118 L.Ed.2d 280 (1992).

fraud or bad faith, the Debtors have a right to amend their schedules and their exemption claim at any time. The fraud and bad faith issues may become more clear in the United States Trustee's adversary proceeding, but they have not been established here. The Trustee's Objection to the Debtors' amended claim of exemptions shall be OVERRULED.

Dated: April 21, 2005

W. Richard Lee
United States Bankruptcy Judge